David Baker
419 19th Street
San Diego, CA 92101
(619) 235-0010

Representing VICTOR MEDRANDA

UNITED STATES DISTRICT COURT

SOUTHISN DISTRICT OF CALIFORNIA

(HON. CYNTHIA A. BASHANT)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>VICTOR MEDRANDA,<br><br>    Defendant | Case No.: 21-CR-2439<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>DATE: OCTOBER 31, 2022<br>TIME: 9:00 A.M. |

## I. INTRODUCTION

Mr. VICTOR MEDRANDA (hereinafter, Medranda) submits the following sentencing memorandum in support of his sentencing recommendation. Mr. Medranda is asking for a sentence of custody for 60 months.

## II. BACKGROUND

On May 27, 2022, Mr. Medranda pled guilty to counts two and four of a four count indictment. This stemmed from an event that occurred on December 5, 2021, Mr. Medranda a citizen of Ecuador was discovered in a low-profile vessel off the coast of

Ecuador. Mr. Medranda was on board with two other individuals, charged in this case, and 3000 kilos of cocaine.

Mr. Medranda was brought on board for a limited purpose. He was refueling and watching the fuel level. Mr. Medranda was not navigating. Mr. Medranda was not piloting the boat. Mr. Medranda was not communicating with the owners of the narcotics. Mr. Medranda did not load the drugs neither was he going to unload the drugs. Mr. Medranda was unsure as to how he would get home or of the coordinates the boat was going. Mr. Medranda was brought on to the boat at night. He was unsure of where the boat entered the ocean. For all the above reasons a minor role would be appropriate for Mr. Medranda.

## III. THE ADVISORY GUIDELINES

"Sentencing is an art, not to be performed as a mechanical process, but as a sensitive response to a particular person who has a particular story and has committed a particular crime." *United States v. Harris*, 679 F.3d 1179, 1183 (9th Cir. 2012). The Supreme Court requires individualized sentencing, affirming "the principle that 'the punishment should fit the offender and not merely the crime.'" *Pepper v. United States*, 562 U.S. 476 1240 (2011) (quoting *Williams v New York*, 337 U.S. 241 247 (1949)); *see also Miller v. Alabama*, 132 U.S. 2455 (2012) ("punishment for crime should be graduated and proportioned to both the offender and the offense").

**Mr. Medranda believes that the offense level computation should be as follows:**

Base Offense Level: .............................................. 38
Adjusted Base ...................................................... 34
Use of semi-submersible ...................................... +2
Acceptance of Responsibility .............................. -3
Minor Role ............................................................ -2
Safety Valve: ........................................................ -2

Departure combination: ..................................... -4

Total Offense Level: 25

Criminal History Category: II

Guideline range of months: 57-71 months custody

Defense is recommending custody of 60 months.

**Sentencing under Booker and § 3553(a) factors:**

The Supreme Court has "emphasized that 'highly relevant- if not essential - to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Pepper*, 562 U.S. 476, 488 (quoting *Williams*, 337 U.S. 241, 247); *see also* 18 U.S.C. § 3661 (stating that no limitation be placed on the information concerning the background, character, and conduct of a defendant that a district court may receive and consider for the purpose of imposing an appropriate sentence). "Permitting sentencing courts to consider the widest possible breadth of information about a defendant 'ensures that the punishment will suit not merely the offense but the individual defendant.'" *Id.*

### History and characteristics of Mr. MEDRANDA

**Childhood and current home life:**

Mr. Medranda was born on September 10, 1986, he is 35 years old. Mr. Medranda was born and raised in Ecuador. He has had a tough life steeped in poverty. Mr. Medranda was unable to attend school. Mr. Medranda worked from an early age to help support his family. Medranda lost his parents and grandparents early in life.

Mr. Medranda lives in a fishing community. Unfortunately, because of foreign fishing fleets and corruption at the local level the waters off the coast of Ecuador have suffered a complete depletion of sea life. The situation is dire. These local communities not only are unable to make a living, but they are also unable to feed themselves. It is this backdrop that led Mr. Medranda to commit this crime.

**FUTURE PLANS:**

After his release from custody, Mr. Medranda will return to his home in Ecuador. Mr. Medranda plans to move to a bigger city work and attend school to train for a new career. Mr. Medranda will take his children with him. Hopefully this will give them more opportunity than he had.

## Nature and Circumstances of the Offense

Here, the court should consider the impact of prison on Mr. Medranda as well as the effect on his family. Mr. Medranda is the primary financial support for his family. Although the financial lure from smuggling contraband is high in his community, Madranda has a plan to prevent this from happening in the future. Mr. Medranda was not an organizer. Mr. Medranda had no knowledge of the plan, the organization or the amount of narcotics on the boat. Mr. Medranda was at sea for less than 24 hours when the boat was apprehended.

**1. The need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public and provide for the defendant's needs in the most effective manner:**

Without question, Mr. Medranda's offense is serious. He has acknowledged his wrongdoing and desires to right the wrong committed. Medranda was under a lot of financial stress. Covid, lack of fish in the ocean and inflation created the perfect storm. Mr. Medranda does not wish to spend his life in custody. Mr. Medranda is committed to reinventing himself and bettering his family. Mr. Medranda had no intention to enter or come to the United States. In the future Mr. Medranda will work, spend time with his family and stay away from crime.

**2. The kinds of sentences available:**

After *United States v. Booker* 543 U.S. 220 (2005), the United States Sentencing Guidelines are advisory only, representing but one factor among many to be considered in

imposing sentences under 18 U.S.C. § 3553(a). Mr. Medranda has met his safety valve obligations. Without any mandatory minimum, the Court is free to impose any sentence that is reasonable and legal.

**3. The kinds of sentence and sentencing range established by the Guidelines:**

Whether the Guideline range is reasonable given Mr. PEREZ's actual conduct, his particular characteristics, and other factors in § 3553(a), is for the Court to decide.

Mr. Medranda has changed during this process. When examining Mr. Medranda's past, his prior case may be troubling to the court. However, Mr. Medranda cannot risk being lost to his family for another extended period. He will change his life to prevent this situation in the future. At heart, Mr. Medranda is a peaceful man who wishes to change the trajectory of his life. Mr. Medranda will not let this incident derail his future. Mr. Medranda regrets the poor decisions made in this unfortunate offense.

**4. The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct:**

For all the factors described above, and the sentencing guidelines discussion, Mr. Medranda requests a sentence of custody for 60 months. The Supreme Court has held that "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." (*Koon v. United States*, 518 U.S. 81, 113 (1996). The personal circumstances and characteristics of Mr. Medranda and the circumstances of his offense combine to make the requested sentence of custody for 60 months, a sentence sufficient, but not one day greater than necessary to accomplish the sentencing goals advanced in § 3553.

**IV. Conclusion**

For these reasons, Mr. Medranda respectfully requests that the Court sentence him to custody for 60 months.

DATE: October 24, 2022       Respectfully submitted,

                __s/David L. Baker_____
                DAVID BAKER
                Attorney for Defendant

                VICTOR MEDRANDA

                I HAVE ELECTRONICALLY NOTIFIED ALL PARTIES AS TO THE FILING OF THIS DOCUMENT

                __s/David L. Baker__
                David Baker